*606 OPINION.
LittletoN :
From the stipulation of facts, it appears that the petitioner and the village of Watervliet entered into a 10-year contract that was mutually beneficial. The petitioner was, during the term of its contract, to be relieved from the payment of all local taxes, the village of Watervliet paying or giving petitioner credit for such taxes. In consideration of the village of Watervliet’s so doing, petitioner was to make necessary expenditures to keep in proper repair and maintenance its water system, so as to give the village the benefit of fire protection called for by the contract. The only taxable years involved are 1917 to 1919, inclusive, during which the stipulation shows petitioner made expenditures for maintenance of its water *607 system, furnished the water, and performed all other things required of it under its contract.
The first issue to be disposed of is whether the petitioner is entitled to a deduction from gross income on account of the taxes of which it was relieved from paying under the contract in question. Certainty, under the statute, taxes are allowable deductions and we do not see wfiy the mere fact that they were paid by services rendered by the petitioner would in any way prevent their deductibility. On the other hand, the payment for services would constitute a part of petitioner’s gross income. If the town had paid for the services and the petitioner had used thesé, or equivalent, funds in satisfying the taxes which were assessed, it could hardly be argued that the former did not constitute income and the latter a deduction. The stipulation states that “ The Commissioner did not increase income on account of the transaction with the Village of Watervliet and did not allow any deductions on account of said transaction.” We fail to see why this does not reach the same result as if the consideration paid for the services had been included in gross income and the taxes allowed as a deduction.
Under the second issue the petitioner contends that this was an advantageous contract which had a value for invested capital purposes to the extent of the value attaching thereto at the beginning of the respective years on appeal, and that this value is measured by the taxes which the petitioner was relieved from paying in these years. That is, the local taxes which the petitioner was not required to pay for 1917, 1918, and 1919 amounted to $14,625, and, therefore, petitioner says that the value of the contract at January 1,1917, was represented by this amount. Similarly, the value contended for at January 1, 1918, is $10,500, or taxes not required to be paid for 1918 and 1919, and the vulue at January 1, 1919, $5,250, or the taxes for 1919. In the first place, this contention must be denied for the reason that if the contract had a bonus value at the time acquired or negotiated, this would constitute an asset received by the petitioner in the nature of a gift from the town and could not be considered as having been paid in for invested capital purposes as required by sections 207 and 326 of the Revenue Acts of 1917 and 1918, respectively. A. C. F. Gasoline Co., 6 B. T. A. 1337, and Frank Holton & Co., 10 B. T. A. 1317. And, in the second place, we fail to see why the taxes of which the petitioner was relieved are any measure of the bonus value attaching to the contract. To sustain this contention would be to say that the petitioner was relieved from paying its taxes without any consideration on its part, whereas from aught that the stipulated facts show the transaction was of an arm’s-length character and the consideration floAving from each party was of equal value. At any rate, we have nothing to show that the services to be rendered by the *608 petitioner were of any less value to the town than is represented by the amount of the taxes of which the petitioner was relieved.

Judgment will be entered for the respondent.